IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JESSICA MILLER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,<br><br>　　　　Defendant, | CIVIL ACTION FILE NO: |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff JESSICA MILLER ("Plaintiff"), by and through her undersigned counsel brings this action against Defendant THE UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES ("Defendant"), and states as follows:

**NATURE OF CASE**

1. Plaintiff brings this action against Defendant, for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.*, and the Florida Civil Rights Act ("FCRA").

## ADMINISTRATIVE PROCEDURES

2. Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the PWFA, PDA, Title VII, and FCRA.

3. Plaintiff filed her Amended Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant on June 17, 2024.

4. The EEOC through the Department of Justice ("DOJ") issued its Notice of Right to Sue on April 2, 2025.

5. Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue.

## JURISDICTION AND VENUE

6. Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §12101 *et seq.*, 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred within the jurisdiction of this Court.

## PARTIES

8. Plaintiff resides in this District and is a former employee of Defendant, having been employed from approximately July 24, 2023 to February 22, 2024.

9. Plaintiff worked for Defendant as a Research Analysist in Tampa, Florida.

10. Plaintiff is an "employee" as defined by Title VII of the Civil Rights Act and the Pregnancy Discrimination Act.

## FACTS

11. Plaintiff began working for Defendant on or about July 24, 2023.

12. Plaintiff was employed as a Research Analyst.

13. In this position, Plaintiff was tasked primarily with drafting research reports.

14. Plaintiff earned an annual salary of $65,000.00.

15. Plaintiff worked as a full-time employee.

16. Plaintiff employment was going well and she had no performance or disciplinary issues.

17. In August 2023, the Defendant hired David Sobush, as the new Director.

18. As a result, Sobush became Plaintiff's new supervisor.

19. Initially, Plaintiff and Sobush worked well together and had no issues.

20. However, during an out-of-town conference in Dallas in October 2023, Plaintiff observed Sobush treat a pregnant co-worker terribly for no reason other than the fact that he was disgusted by her pregnancy.

21. Sobush's attitude towards my pregnant co-worker was unsettling and concerning.

22. Soon after returning from the conference, Plaintiff decided to announce her pregnancy on or around November of 2023 to both Sobush and his boss, Braulio Colon.

23. Soon after informing Defendant of her pregnancy, Plaintiff began to notice a difference in attitudes by Sobush and Colon.

24. Following the shift in attitude, Plaintiff began to receive retaliation for announcing her pregnancy.

25. Indeed, the Defendant took the Plaintiff off her regular work assignments.

26. Sobush also stopped training Plaintiff on a new system he implemented.

27. Sobush also sabotaged Plaintiff's work product in an effort to build a record that Plaintiff was not performing her job.

28. In addition, Defendant changed Plaintiff's work assignments to menial tasks such as copying and pasting spreadsheets.

29. Plaintiff attempted to set up meetings with Colon several times to discuss the discrimination and retaliation she was experiencing at the hands of Sobush.

30. Even in the rare instance Plaintiff was able to schedule a meeting with him, Colon would cancel the meeting at the last minute.

31. This retaliation culminated with Defendant pulling Plaintiff into a meeting with Human Resources on January 22, 2024.

32. During this meeting, Plaintiff was told that her contract would not be renewed.

33. Curiously, the Defendant encouraged Plaintiff to rather than allow her contract to terminate as stated, she should resign her employment with Defendant instead.

34. Defendant explained to the Plaintiff that a resignation would "look better" if Plaintiff ever wanted to work with Defendant again, or any other university in the future.

35. Importantly, during the termination meeting with HR, they shockingly stated as justification for why Plaintiff should resign, was because of the "stress Plaintiff was under because of her pregnancy."

36. While Defendant was clearly aware of Plaintiff's "stress" at the time, it wrongly attributed Plaintiff's "stress" to her pregnancy, when it was actually Defendant's retaliation that was the source of Plaintiff's "stress."

37. Nonetheless, Defendant's comments during the termination meeting represents direct evidence that Defendant ended Plaintiff's employment because of her pregnancy.

38. Accordingly, there is no question that Plaintiff was constructively discharged from her employment with Defendant on February 22, 2024.

## CAUSES OF ACTION

### COUNT I
### PREGNANCY DISCRIMINATION UNDER PREGNANCY DISCRIMINATION ACT AND TITLE VII

39. Plaintiff hereby incorporates paragraphs 1 through 38 above by reference as if fully set forth herein.

40. Defendant discriminated against Plaintiff based on her pregnancy.

41. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against her as set forth above.

42. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

43. Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of the Pregnancy Discrimination Act and Title VII.

44. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.

45. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

## COUNT II
## RETALIATION UNDER PDA AND TITLE VII

46. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 38; 40-45; above by reference as if fully set forth herein.

47. Defendant retaliated against Plaintiff after announcing her pregnancy.

48. Following the announcement of her pregnancy Defendant engaged in retaliation including terminating Plaintiff's employment.

49. Defendant engaged in unlawful retaliation against Plaintiff, in violation of 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

50. Defendant's retaliatory conduct, in violation of Title VII, caused Plaintiff to suffer a loss of pay and benefits.

## COUNT III
## PREGNANCY DISCRIMINATION IN VIOLATION OF THE FCRA

51. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 38; 47-50; above by reference as if fully set forth herein.

52. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

53. Plaintiff was a pregnant female and a member of a protected class.

54. Plaintiff was qualified for her current position because she had performed in that position for a substantial period of time.

55. Plaintiff was subjected to the adverse employment action of constructive termination.

56. Plaintiff was treated less favorable than non-pregnant, similarly situated employees.

57. Defendant discriminated against Plaintiff because of her pregnancy.

58. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her pregnancy.

59. The discrimination to which Plaintiff was subjected was based on her pregnancy.

60. Defendant does not have a legitimate, non-discriminatory reason for its constructive termination of the Plaintiff.

61. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

63. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

64. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## COUNT IV
## RETALIATION UNDER PDA IN VIOLATION OF THE FCRA AND TITLE VII

65. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 38; 52-64; above by reference as if fully set forth herein.

66. Defendant retaliated against Plaintiff after announcing her pregnancy.

67. Following the announcement of her pregnancy Defendant engaged in retaliation including terminating Plaintiff's employment.

68. Defendant engaged in unlawful retaliation against Plaintiff, in violation of 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964,

9

as amended by the Civil Rights Act of 1991 and the Florida Civil Rights Act.

69. Defendant's retaliatory conduct, in violation of Title VII and The Florida Civil Rights Act, caused Plaintiff to suffer a loss of pay and benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant relief as follows:

a. Judgment in favor of Plaintiff and against Defendant for violation under the Pregnancy Discrimination Act;

b. Award Plaintiff an amount to be determined at trial against Defendant for damages including lost earnings, reinstatement, front pay, and/or actual monetary losses suffered as a result of Defendant's conduct;

c. Award Plaintiff prejudgment interest on all amounts owed;

d. Judgment in favor of Plaintiff and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617 (a)(1)(A)(iii);

e. Award Plaintiff her reasonable attorney's fees and costs of litigation under the PDA; and

f. Award any and such other relief this Court deems just, equitable and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Demand is hereby made for trial by jury on all issues raised by these pleadings.

Respectfully submitted this ___ day of July, 2025.

                                              s/ _ J.P. Numa _____
                                              J.P. Numa, Esquire
                                              FBN: 1015371
                                              Email: jpnuma@theleachfirm.com

                                              Anthony Hall, Esquire
                                              FBN: 0040924
                                              Email: ahall@theleachfirm.com

                                              THE LEACH FIRM, P.A.
                                              1560 N. Orange Ave., Suite 600
                                              Winter Park, FL 32789
                                              Telephone: (407) 574-4999
                                              Facsimile: (833) 813-7513

                                              Attorneys for Plaintiff